```
         IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

JAMES EDWARD LEWIS,

       Plaintiff,

v.
                                   Civil Action No. 1:23-00814

UNITED STATES OF AMERICA, et al,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are objections by both parties to Magistrate Judge Aboulhosn's PF&R entered November 13, 2024. See ECF Nos. 57 and 65. For the reasons explained below, the objections are **OVERRULED**.

### I.  Background

This case arises from alleged excessive force used against James Edward Lewis on January 10, 2022, while incarcerated at Federal Correctional Institution McDowell. See ECF No. 2. Lewis says that he suffered an initial assault the day prior on January 9, and that on the 10th, defendant correctional officers "C. Via," "P. Snyder," and "Hedrick" removed him from his cell to document his injuries. See id. at 3. Lewis alleges that the nurse that inspected his injuries, defendant "R.N. Robert Alexander," provided inadequate medical care because he provided

no treatment.  See ECF No. 7.  Lewis alleges that after his medical evaluation when the officers escorted him back to his cell, they took him out of view of the surveillance cameras and severely beat him in retaliation for alleging that a correctional officer assaulted him the day before.  See id. at 3-4.  As recounted in the PF&R, Lewis extensively details the alleged beating.  See id.

Based on these allegations, Lewis brought claims of assault, battery, and medical negligence against the United States government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.  See id. at 6-7.  The magistrate judge also construed some of Lewis's claims as constitutional claims brought under the FTCA.  See ECF No. 54 at 32-33.  Additionally, Lewis sued the nurse and three correctional officers in their individual capacities under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).  See id. at 8-17.

Lewis moved to voluntarily dismiss the Bivens claims "with prejudice so that the defendants will not be prejudiced or burdened with the finances of a jury trial."  ECF No. 42 at 1.  He also explained in that motion that he had not been able to review "camcorder footage," and that to meet his filing deadline for a response to defendants' "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," he would voluntarily

dismiss his Bivens claims. See id. at 1-2. The PF&R recommends granting Lewis's motion. See ECF No. 54 at 34.

The government moved to dismiss the FTCA claims of assault and battery under the discretionary function exception ("DFE") to the United States's waiver of sovereign immunity under the FTCA. See ECF No. 18 at 2. The government moved to dismiss the medical negligence and constitutional FTCA claims for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See id. The PF&R recommends denying the motion as to the assault and battery claims but granting it for the medical negligence and constitutional claims. See ECF No. 54 at 34.[1]

The parties filed competing objections to the PF&R. Lewis argues that he should be permitted additional discovery before the court dismisses his medical negligence claim. See ECF No. 65 at 5.[2] The government in its objection argues that the DFE

---

[1] Although the government argued that Lewis failed to state a valid medical negligence claim, the PF&R treated the motion to dismiss that claim as one for summary judgment.

[2] Lewis's precise objection is unclear. He explains that he dismissed his Bivens claims because he did not have time to review evidence, (see ECF No. 65 at 5), but states "plaintiff still want[s] Bivens dismissed," (id. at 1). Therefore, the court will construe his objection as one to the dismissal of his medical negligence claim because that is the only claim the objection specifically addresses.

Lewis also includes a heading titled "Constitutional Claims" in his objections to the PF&R. See ECF No. 65 at 5.

applies to the assault and battery claims and that the PF&R's analysis is erroneous. See ECF No. 57 at 5-6.

## II. Legal Standard

Under Rule 72(b) of the Federal Rules of Civil Procedure, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). A district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Id. As to Lewis's objection, "[a] document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Therefore, courts are "under an obligation to read a pro se litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., No. 2:96CV308, 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

---

Under the heading, he objects to the dismissal of his medical negligence claim. However, to the extent this objection relates to the dismissal of constitutional claims brought under the FTCA, the objection is **OVERRULED** for the reasons explained in the PF&R.

### III. Discussion

**A. Lewis's objection**

Lewis argues that he did not have an opportunity to review "the video disk footage of his ordinary medical negligence claim . . . ." ECF No. 65 at 12. For this reason, he argues that pre-discovery summary judgment is premature. See id. at 13. The government responds with two arguments.

First, the government argues that it is immaterial whether Lewis viewed the footage of the medical evaluation because Magistrate Judge Aboulhosn reviewed it, reviewed Lewis's "medical records, including medical records from different institutions," and after viewing the evidence in the light most favorable to Lewis, found that there is no genuine issue of material fact in dispute. See ECF No. 67 at 2. Therefore, the government argues, "modifying the PF&R to allow consideration of [Lewis's] interpretation of that video is unnecessary." Id.

Second, the government argues that it informed Lewis of his ability to review the video evidence when it filed its "Motion to Dismiss or, in the Alternative Motion for Summary Judgment," on May 3, 2024. See id. The government explains that Magistrate Judge Aboulhosn granted Lewis an extension of time to respond to the government's motion by order entered May 21, 2024, with that order noting that "[d]efendants attached a video as an exhibit, which [Lewis] needs to make arrangements to view

5

. . . ." Id. (quoting ECF No. 35 at 1). Therefore, the government argues that because Lewis did not request to view the video until more than a month later on July 30, 2024, his inability to review the video before responding to the government's motion is not grounds for a valid objection. See id. at 2-3.

The court agrees with the government's arguments. Magistrate Judge Aboulhosn reviewed the video and determined that it does not support Lewis's claim of medical negligence. Lewis's review of the video would not affect the court's interpretation of it or other medical documentation. Lewis was also dilatory in seeking to review the evidence after being informed by the court that he needed to make arrangements to view it. For these reasons, Lewis's objection is **OVERRULED.**

B.  **Government's objection**

The PF&R recommends denying the government's motion as to the assault and battery claims because factual issues must be resolved before determining whether the DFE applies.

Under the DFE, the waiver of sovereign immunity does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function

6

> or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).  The DFE "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals."  Berkovitz ex rel. Berkovitz v. United States, 486 U.S. 531, 536 (1988) (cleaned up).  The exception "assure[s] protection for the Government against tort liability for errors in administration or in the exercise of discretionary functions."  Dalehite v. United States, 346 U.S. 15, 26-27 (1953).

To determine whether the DFE applies, courts employ a two-step inquiry.  First, courts consider "whether the conduct at issue involves an element of judgment or choice."  Rich v. United States, 811 F.3d 140, 144 (4th Cir. 2015).  Second, courts consider whether the conduct at issue "involve[d] the permissible exercise of policy judgment."  Berkovitz, 486 U.S. at 537.  If the challenged actions or omissions satisfy these two steps, the government's conduct is considered "discretionary within the meaning of the exception," and courts lack jurisdiction "whether or not the discretion involved be abused."  Pornomo v. United States, 814 F.3d 681, 687 (4th Cir. 2016) (quoting 28 U.S.C. § 2680(a)).

7

"Plaintiffs bear the burden of proving that the discretionary function exemption does not apply." Indem. Ins. Co. of N. Am. v. United States, 569 F.3d 175, 180 (4th Cir. 2009). "If the plaintiff fails to meet this burden, then the claim must be dismissed." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). Additionally, the FTCA is strictly construed with ambiguities resolved in favor of the United States. See United States v. Nordic Vill., Inc., 503 U.S. 30, 30-34 (1992).

The PF&R resolves the government's motion on the first prong of the DFE analysis: whether the correctional officers' actions involved an element of judgment or choice. The PF&R finds that 28 C.F.R. § 552.20 applies in the context of excessive force claims. That regulation allows correctional officers to use force when necessary, providing:

> The Bureau of Prisons authorizes staff to use force only as a last alternative after all other reasonable efforts to resolve a situation have failed. When authorized, staff must use only that amount of force necessary to gain control of the inmate, to protect and ensure the safety of inmates, staff, and others, to prevent serious property damage and to ensure institution security and good order.

A separate regulation, 28 C.F.R. § 552.22(c), provides a non-exhaustive list of three situations when force may be warranted: "(1) Defense or protection of self or others; (2) Enforcement of

8

institutional regulations; and (3) The prevention of a crime or apprehension of one who has committed a crime."

While these regulations allow for the use of force when necessary, the PF&R explains that "[s]ince there is an issue of fact concerning whether Officers Via, Snyder, and Hedrick's actions on January 10, 2022, were the result of unlawful retaliation or a legitimate exercise of authority, the Court cannot find the first prong of the discretionary function test is satisfied at this stage of the proceedings." ECF No. 54 at 26.

The government "specifically objects to the PF&R's finding that '[s]ince there is an issue of fact concerning [the basis of the officers' conduct], the Court cannot find that the first prong if the discretionary function test is satisfied . . . .'" ECF No. 57 at 1 (alterations in original). The government argues that the first prong of the analysis is satisfied because 28 C.F.R. § 552.20 does not provide a "mandatory directive" prescribing a course of conduct for correctional officers to follow under these circumstances and that the conduct at issue, therefore, required an element of judgment or choice. See id. at 2.

In support of this argument, the government cites Kaufman v. United States, 84 F. Supp. 3d 519 (S.D.W. Va. 2015). In that case, this court held a bench trial to determine whether the DFE

9

applied to a claim of excessive force brought by a prison inmate.  See id. at 522.  After taking evidence from both sides, the court found that the inmate "violated [prison] rules by displaying insolence toward [the officer] . . . ." and "[t]he two argued and, although she initially submitted, [the inmate] began to resist while [the officer] conducted a pat-down search."  Id. at 529.  Therefore, the court held that 28 C.F.R. § 552.20 provided the officer "discretion to determine that force was appropriate . . . ."  Id.

Kaufman is distinguishable from this case in its current procedural posture.  In Kaufman, the court, after receiving evidence at trial, determined that the inmate had violated prison rules and that the inmate resisted the correctional officer, thus implicating the officer's discretion to use force.  In this case, the court cannot make that determination on summary judgment because it cannot resolve genuine issues of material fact.  See Head v. Rakowski, 695 F. Supp. 3d 663, 685-86 (D. Md. 2023) (distinguishing Kaufman where genuine issue of material fact existed as to whether correctional officer retaliated against inmate or used force to maintain order).

Although 28 C.F.R. § 552.20 gives the BOP discretion to determine when force is necessary to "resolve a situation," that discretion is limited insofar it presupposes a situation to resolve.  The regulation leaves no discretion otherwise:  "The

10

Bureau of Prisons authorizes staff to use force only as a last alternative after all other reasonable efforts to resolve a situation have failed." Id. (emphasis added). The word "only" proscribes the use of force in all other circumstances.

When a regulation proscribes a course of conduct, the first prong of the DFE is not satisfied because the conduct issue does not involve an element of judgment or choice: "The requirement of judgment or choice is not satisfied, however, if 'a federal statute, regulation, or policy specifically proscribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" Hibble v. United States, No. 96-2180, 1998 WL 2882, at *1 (4th Cir. 1998) (cleaned up) (quoting United States v. Gaubert, 499 U.S. 315, 323 (1991)).

Viewing the evidence in Lewis's favor, the correctional officers engaged in proscribed conduct that involved no element of judgment or choice. They could only use force to "resolve a situation." Such situations include, among other things, defense of self or others, enforcement of institutional regulations, and the prevention of a crime. Under Lewis's version of events, the correctional officers assaulted him in retaliation for events from the day before. This is not the type of situation contemplated by 28 C.F.R. §§ 552.20 or 552.22.

11

As the PF&R correctly notes, the court must determine whether Lewis's conduct warranted discretion in this case. That requires the court to determine whether, as Lewis contends, he was subject to a retaliatory beating, or as the government contends, he resisted the officers, permitting them to use force against him. Therefore, the government's objection is **OVERRULED**.

### IV. Conclusion

For the above reasons, the objections (ECF Nos. 57, 65) are **OVERRULED**. The magistrate judge's PF&R is adopted as follows:

(1) Lewis's motion (ECF No. 42) to voluntarily dismiss his Bivens claims is **GRANTED**; and

(2) Defendants' "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" (ECF No. 18) is **GRANTED** in part as to Lewis's medical negligence and constitutional claims brought under the FTCA, and **DENIED** in part as to his assault and battery claims.

This matter is **REFERRED** to the magistrate judge for discovery. The trial will involve the jurisdictional issue and the merits of Lewis's claims. See Kerns v. United States, 585 F.3d 187, 195 (4th Cir. 2009) (quoting United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 348 (4th Cir. 2009) ("A district court should assume jurisdiction and assess the merits

of the claim when the relevant facts—for jurisdictional and merits purposes—are inextricably intertwined.")). However, a trial for damages will be unnecessary if the court finds in the government's favor on the DFE issue or liability. Therefore, the court hereby **BIFURCATES** for both discovery and trial the issues of liability and damages. Furthermore, this matter is **CONSOLIDATED** with Civil Action Number 1:24-00089 for trial. Trial of this matter is hereby scheduled for Wednesday, July 9, 2025, at 9:30 a.m., in Bluefield.

Additionally, the individual defendants are **DISMISSED** from this action because the Bivens claims have been dismissed. Lewis's "motion to exceed page limit for exhibits" (ECF No. 64) is **DENIED** as moot because his memorandum is under twenty pages. See L.R. Civ. P. 7.1(a)(2).

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record and any unrepresented parties.

IT IS SO ORDERED this 17th day of March, 2025.

David A. Faber
Senior United States District Judge