```
        IN THE UNITED STATES DISTRICT COURT FOR THE
             SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

JAMES EDWARD LEWIS,

        Plaintiff,

                                    Civil Action No. 1:23-00814

v.

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff James Edward Lewis's motions to appoint counsel (ECF Nos. 60, 68), motion to empanel advisory jury (ECF No. 63), and his notice to withdraw his motion to empanel an advisory jury, (ECF No. 68). For the reasons below, his motions to appoint counsel are **DENIED**, and his motion to empanel an advisory jury is **DENIED** as moot, considering his notice to withdraw that motion.

Lewis was at all relevant times an inmate of FCI McDowell and brings claims of assault and battery against the United States government based on alleged excessive force by prison guards. See ECF No. 2. He argues that appointment of counsel is warranted to help in a bench trial. See ECF Nos. 60, 68. He argues that (1) he lacks legal knowledge, (2) he does not have sufficient education, (3) this case is complex, (4) he cannot

interview witnesses from prison, (5) a lawyer would help him investigate and prevent alleged government misconduct, (6) he does not have access to legal materials, and (7) he has an undiagnosed mental illness.  See ECF No. 60, 68.

Appointment of counsel is authorized by 28 U.S.C. § 1915(e)(1).  There is no constitutional right to appointment of counsel in civil cases, and the decision whether to appoint counsel is within the discretion of the court.  Appointment of counsel for indigent plaintiffs is required only in cases presenting complex issues or exceptional circumstances, and the plaintiff's ability to present the case is questionable.  See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).  Courts consider six factors in deciding whether to appoint counsel:

> (1) whether the plaintiff has presented a colorable claim, (2) the nature and complexity of the factual and legal issues, (3) the plaintiff's capability to present her own case, (4) the degree of factual investigation involved and the plaintiff's ability to investigate adequately crucial facts related to her claims, (5) the extent to which the case is likely to hinge on credibility determinations, and (6) whether expert testimony must be presented.

Saunders v. Burton, No. 5:21-00322, 2023 WL 11903668, at *1 (S.D.W. Va. Jan. 13, 2023) (citing United States v. $27,000.00, More or Less in U.S. Currency, 865 F. Supp. 339, 340-41 (S.D.W. Va. 1994)).

Having examined the record in this case, the court finds that based on the six factors, Lewis's motions to appoint counsel should be **DENIED**. First, although he presents a colorable claim, the evidence does not make clear that he will prevail on the disputed issues of material fact. His case is not exceptional; it is a run of the mill excessive force claim brought by a prison inmate and turns on credibility determinations. Second, the legal issues in this case are not complex. Lewis's remaining claims are for assault and battery. The claims turn on a simple factual determination: Whether Lewis or the prison officials are telling the truth about the circumstances surrounding the use of force. Third, plaintiff can adequately present these claims on his own. He requested a bench trial, and the court is experienced with self-represented litigants. Therefore, the court will facilitate the proceedings such that Lewis may adequately represent himself at trial. Fourth, there is minimal factual investigation needed. This case will turn on testimony, which will be developed at trial. Fifth, although this case will hinge on credibility determinations, it is a bench trial in which the court can make those determinations regardless of whether Lewis has counsel. Finally, this case does not require expert witnesses at this stage since the issues of liability and damages have been bifurcated.

Additionally, Lewis does not present evidence of a mental illness that would prevent him from competently representing himself.  He has done an adequate job thus far in these proceedings.  Also, he has not presented evidence of government misconduct in these proceedings, and the magistrate judge may address any such allegations during the discovery process.

For these reasons, Lewis's motions to appoint counsel (ECF Nos. 60, 68) are **DENIED**.  His motion to empanel an advisory jury (ECF No. 63) is **DENIED** as moot.

Lewis also filed a motion (ECF No. 69) to reply to the government's response to his objections.  That motion is **GRANTED**, and the court considered his arguments when overruling his objections by Memorandum Opinion and Order filed March 17, 2025, (ECF No. 70).

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record and any unrepresented parties.

IT IS SO ORDERED this 19th day of March, 2025.

_David A. Faber_
David A. Faber
Senior United States District Judge